No. 13,115.

MITCHELL v. HARTLEP.

PROMISSORY NOTE.—*Assignment.*—*Agreement of Assignee to Pay for Note if He Uses it.*—Where one takes the assignment of a promissory note, agreeing to pay a certain sum therefor if he can use it, the subsequent use of the note as a cause of action renders him liable for the stipulated consideration, although it may not appear that he received any money upon it.

From the Warren Circuit Court.

*J. W. Cole,* for appellant.

*J. McCabe* and *E. F. McCabe,* for appellee.

ELLIOTT, J.—The appellee sought and obtained a review of à judgment rendered against him. In his complaint for

review he alleges generally that the court erred in its rulings, and we are inclined to the opinion that many of his allegations are so indefinite and uncertain as to be insufficient, but we do not decide anything upon this point, for we are satisfied that even if it be conceded that the allegations are all sufficiently specific, the record filed with the complaint shows that the first judgment was right and the last wrong.

The material facts, briefly stated, are these: The appellant held a promissory note executed by John W. Cole and assigned and delivered it to the appellee, who thereupon executed the following agreement:

"August 16th, 1882. If I can use the John W. Cole note to J. B. Mitchell, I will pay A. Mitchell seventy-six dollars."

The appellee subsequently brought an action on this note against the maker, but joined in the same suit other causes of action. A trial was had, and the appellee obtained judgment against Cole for ten dollars, but the note was not introduced in evidence. The record does not inform us why the note was not read in evidence, nor on what claim the judgment against Cole was founded.

It appears from the record that the appellee did use the note assigned to him. It is true that it does not affirmatively show that he received any money on it, but it does show that he used it as a cause of action. It is, indeed, doubtful whether he did not make such a use of it as to preclude any action upon it, but we need not decide whether the use he made of it did have this effect, for, it is quite clear, even conceding that there was not an adjudication upon it, that the use made of it was such as to embarrass the assignor.

There is, at least, a question as to the right to maintain a second suit upon it, and this question arises out of the use the appellee made of it, and it seems to us that having to that extent used the note, he must perform his contract. He certainly did make some use of the note, by filing it as a cause of action, and as that use clouds and obstructs the right to again sue upon it, he can not repudiate his contract. His

use has put some obstruction in the way of collecting the note, if, indeed, it has not completely barred another action upon it, and justice requires that he, and not the person from whom he acquired the note, should assume the expense and risk of collecting it.    He did make use of the note, and this, certainly, is sufficient to charge him, unless he shows that it was not his fault that he did not make the use successful.    If he had shown that he could not successfully use the note because of a defence existing against his assignor, then there would be much reason for exonerating him from his contract ; but it does not appear that there was any cause for his failure except that which is chargeable to his own conduct.

Judgment reversed.

Filed April 17, 1888.

## ON PETITION FOR A REHEARING.

ELLIOTT, J.—As we said in our original opinion, the controlling question in this case is whether the appellee did use the promissory note assigned to him by the appellant.    That he did use it there can be no doubt, for he filed it as a cause of action against the maker in an action regularly brought. It is true that the appellee did not take judgment on the note, but why he did not the record does not inform us.    He agreed to pay for the note in the event that he used it, and as he did use it we can perceive no reason why he should not be held to his contract.    To us it seems clear that, where a party agrees to pay for a thing if he uses it, he becomes bound the moment he makes use of the thing for which he bargained.

Counsel put much more of assertion than of argument into their brief, and make many assumptions that can not be sustained.    They forget that their client promised to pay for the note if he could use it, and, omitting this important fact, argue that the judgment rendered in the action in which the note was sued on was not conclusive.    We think it imma-

Mitchell *v.* Hartlep.

terial whether the judgment was or was not conclusive, for the appellant elected to make use of the note, and, for anything that appears, might have made a successful use of it if he had done his duty. As we said in our former opinion, there is nothing to show that he might not have obtained judgment, for surely the note constituted a *prima facie* cause of action. Its bare production would have entitled him to judgment, *unless a defence was successfully established.* But, after all, the case must be decided against him irrespective of this consideration, because he did elect to use the note.

If the appellant had averred that there was a mistake in reducing the contract to writing, there would be much more of relevancy in counsel's argument, but no such issue was tendered. The contract as it is written does not, as counsel unwarrantably assume it does, restrict the use to any particular method, but, on the contrary, provides that if any use is made of the note the appellant shall pay for it. In order to make the contract mean what counsel assume it does mean, it would be necessary to interpolate important words.

Petition overruled.

Filed June 28, 1888.